DUCKER, JUDGE:
Claimant, Cecil A. Runion, of Charleston, West Virginia, suffered *142 personal injuries to his knee and legs and sustained damages to his automobile resulting from a fall into a creek from over a wingwall of a bridge at the intersection of what is known as John Bryan Run and Secondary State Route 16/2 which is known as Otter Lick Road, in Otter District of Clay County, West Virginia, on September 27th, 1971, at approximately 3:00 o’clock in the morning, alleging damages on account thereof in a total amount of $75,000.00.
The evidence is to the effect that claimant on the evening before the accident went from his home in Charleston to visit and aid his uncle, who lived on Otter Lick Road north of and beyond the place of the accident, and upon his proceeding to return home and seeing a light in his cousin’s home located just a short distance up John Bryan Run, he turned up that road a distance of about 110 feet to a small bridge located close to his cousin’s house without proceeding any farther in his car. After his latter visit with his cousin, he proceeded to back his car down the John Bryan Run road toward the Otter Lick Road. Upon reaching a point near the intersection of the public road and the private road, his car “came to a stall and met resistance” as claimant described it, and claimant stepped out placing one foot on something solid described as either concrete or hard ground, and when he brought his other foot out of the car and put it down he found nothing to stand on and so fell into the adjacent creek. There appears to be no question but that the left rear wheel of his automobile was upon part of the wingwall of the bridge on Route 16/2 over John Bryan Run and that when the claimant stepped out of his car his first step was on the wingwall of Otter Lick Road bridge, because he then fell into the creek below. The weather at the time of the accident was described as “raining and wet and sloppy”, “dark and raining”, with “visibility obscured”. In backing his car down the John Bryan Run Road, claimant stated he had “the door open looking back and what visibility I (he) had there was just from my (his) tail lights” with no back-up lights.
There is specific evidence as to the roads, bridge and wingwall involved. The only substantial testimony is that of George P. Sovick, Chief Engineer of the Right-of-Way Department of the West Virginia Department of Highways, whose testimony was in no way substantially contradicted. He stated that the John Bryan Run Road was a private road and was not a part of the State system of highways, and accordingly it was not entitled to State maintenance, that six feet of the wingwall of the bridge over John Bryan Run was on private prop *143 erty, that the construction and use of John Bryan Run Road was permitted by the adjoining land owners for both the benefit of the State and such owners, and that from the photographic exhibits and the other evidence in the case the claimant’s car was not, at the place of the accident within the right of way of Route 16/2 when claimant stepped from it into the creek. The photographs show quite a wide level space at the intersection of the public road and the private road involved in the case. While there were rather high weeds adjoining the wingwall and the paved or hard surface of the roads, the weeds were not in the hard surface part of the roads. The State route had a 30-foot right of way for a two lane road, but the private road was one lane only.
Claimant submitted medical and hospital bills amounting to over fifteen hundred dollars together with a claim of substantial amount for loss of wages for thirty days while disabled from the accident, the amount of such claims being uncontested except the respondent reserved the right to have claimant examined by a physician of respondent’s choice, but no such examination is necessary in the light of our decision herein.
In order to recover in this case it was incumbent upon the claimant to prove that the accident occurred on a road which the State was required to maintain and that the State had failed to properly maintain it, and that such failure was the proximate cause of the accident without contributory negligence on the part of the claimant.
Even if the John Bryan Run Road was to be considered as one entitled to maintenance by the State, that road was fully traversible for one-way traffic in the traveled part thereof despite weeds along the sides of it, but the claimant backed his car down the road at night in rainy bad weather with only tail lights and no back-up lights on his car, depending entirely on the car tail lights and what he could see by the car with his door open. That cannot be considered reasonably careful conduct on the part of the claimant.
In the light of all the evidence, we must conclude that claimant’s failure to take proper precautionary steps to avoid the accident amounted to contributory negligence, and that such failure was the sole cause of the accident, and accordingly we hold that the respondent is not liable, and so deny the claimant’s claim and make no award to him herein.
Claim disallowed.